UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERMAINE ANDERSON                              CIVIL ACTION NO. 25-cv-205

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

DEPT OF PROPERTY STANDARDS ET AL               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jermaine Anderson ("Plaintiff"), who is self-represented, has filed ten civil actions in this court since October 2024.[1] Most were filed under the name Jermaine Anderson, but one was filed as Jermaine Anderson Joseph. Some are directed at persons associated with eviction proceedings in the Shreveport City Court and Plaintiff's dissatisfaction with his housing situation. With some, like this one, it is impossible to tell what the claims are about. For the reasons that follow, it is recommended that this civil action be dismissed for failure to state a claim on which relief may be granted and that sanctions be imposed on Plaintiff to prevent the filing of more frivolous suits.

This complaint names as its defendants the City of Shreveport, the Department of Property Standards, City Attorney Marcus Edwards, former United States Attorney Brandon Brown, and Shreveport Water Company. Plaintiff checked a box on the form complaint to indicate that the basis for federal jurisdiction is federal question. The form

---

[1] The other nine civil actions are 24-cv-1514, Anderson v. Smith; 24-cv-1520, Anderson v. Woodreal Estates 506, LLC; 24-cv-1662; Anderson v. Johnson; 24-cv-1719, Anderson v. Woodreal Estates 506, LLC; 24-cv-1737, Anderson v. Villacenio; 24-cv-1738, Anderson v. Woodreal Estates 506, LLC; 24-cv-1783, Joseph v. Marie; 25-cv-0005, Anderson v. Whiteside; and 25-cv-0203, Anderson v. Brooks.

asked him to list the federal statutes at issue, and he wrote "Discrimination denied housing Race/civil liberties provision violations. Violations of Civil Rights / under the color of law."

The form also directed Plaintiff to (1) write a short and plain statement of his claim by stating facts that show that he is entitled to relief and (2) state how each defendant was involved and what each defendant did that caused harm to the Plaintiff or violated his rights.  Plaintiff wrote only: "The Plaintiff is entitled to relief due to the Defendants, harm, mental stress, etc. … Time 3:00 pm, Dates: (Jan) 14, 2025, - Feb, 11, 2025, 9:00 pm. Asking that monetary relief be granted, to the Plaintiff, due, to the Defendants harm, and damage."  He asked that the court award punitive damages and exemplary damages in the amount of $75,000.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)).  The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.  "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to" state a valid claim. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff was directed in clear language to state facts to support his claims, and he completely failed to do so.  There is nothing in the meager offerings in his complaint that

asserts a plausible claim against the named defendant. There is not even a hint as to how any named defendant interacted with Plaintiff in any way.

Plaintiff asserts that the defendants violated his civil rights, but mere conclusory allegations, naked assertions without any factual enhancement, or formulaic recitations of a cause of action are not enough to survive review under the Twombly standard. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Twombly "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Furthermore, Plaintiff was advised of these requirements in prior Reports and Recommendations where his complaints were found lacking. His conclusory allegations in this complaint are not sufficient to state a plausible claim on which relief may be granted, so the complaint should be dismissed.

The recommended dismissal may be granted sua sponte. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

The complaint does not set forth an actionable claim against any defendant that states a claim on which relief may be granted, so the complaint should be dismissed Plaintiff has now filed multiple meritless lawsuits. Each of his complaints require the

expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).

In several prior actions, including 24-cv-1737 and 24-cv-1783, the undersigned issued this warning:

> Plaintiff's filings that have been reviewed by the court thus far have been meritless and frivolous. He is warned that if he continues to file such frivolous actions and pleadings, he may be subjected to sanctions, which can include an order that he pay monetary sanctions, a bar on filing as a pauper, and a bar on filing any civil action without prior approval by a district judge. Plaintiff should take this warning seriously.

A part of the court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

Plaintiff has been given repeated opportunities to file a meritorious complaint, he has failed on every occasion, and he has been warned that continuing to file frivolous complaints could lead to sanctions. It is now time to impose those sanctions and end Plaintiff's abuse of the litigation process. The circumstances warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has

been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he ever has a good faith complaint. A similar recommendation has been made in Anderson v. Brooks, 25-cv-00203, a case that is assigned to Judge Edwards. Plaintiff filed that meritless complaint the day before he filed this one.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

It is further recommended that the Clerk of Court be ordered to decline to file any civil complaint submitted by Jermaine Anderson a/k/a Jermaine Anderson Joseph unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge